17-1056-cv
*Serrano v. NY State Dep't of Envtl. Conserv., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of March, two thousand eighteen.

PRESENT:    JOSÉ A. CABRANES,
            SUSAN L. CARNEY,
                 *Circuit Judges,*
            VALERIE E. CAPRONI,
                 *District Judge.*\*

---

ALELIE SERRANO,

          *Plaintiff-Appellant,*               17-1056-cv

          v.

NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION,
LIEUTENANT ERIC TUPAJ, DIVISION OF LAW ENFORCEMENT,

          *Defendants-Appellees.*\*

---

**FOR PLAINTIFF-APPELLANT:**          MICHAEL H. SUSSMAN, Sussman and
                                    Associates, Goshen, NY.

---

\* Judge Valerie E. Caproni, of the United States District Court for the Southern District of New York, sitting by designation.

\* The Clerk of Court is ordered to amend the caption of this case as shown herein.

**FOR DEFENDANTS-APPELLEES:**                    JOSEPH M. SPADOLA, Assistant Solicitor
General (Barbara Underwood, Solicitor
General; Andrea Oser, Deputy Solicitor
General, *on the brief*), *for* Eric T. Schneiderman,
Attorney General of the State of New York,
Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff-Appellant Alelie Serrano ("Serrano") appeals from a summary judgment of the District Court in favor of Defendants-Appellants New York State Department of Environmental Conservation ("DEC") and Lieutenant Eric Tupaj ("Tupaj"), a DEC official. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Serrano, a former dispatcher for the DEC, alleges that the DEC and Tupaj subjected her to a hostile work environment based on her race or national origin and terminated her in retaliation for complaining about alleged discrimination. The District Court concluded that Serrano failed to raise a triable issue of material fact as to either claim. At issue is (1) whether the District Court erred in concluding that a reasonable jury could not find that the DEC and Tupaj subjected Serrano to a hostile work environment, and (2) whether the District Court erred in concluding that a reasonable jury could not find that the DEC and Tupaj retaliated against Serrano when they terminated her employment.

We review a district court's grant of summary judgment *de novo. Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014). In doing so, we "construe the facts in the light most favorable to the non-moving party and ... resolve all ambiguities and draw all reasonable inferences against the movant." *Id.* (alteration omitted). "A dispute about a 'genuine issue' exists . . . where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Id.* (internal citation omitted). "We uphold a grant of summary judgment if the evidence, viewed in the light most favorable to the party against whom it was entered, demonstrates that there are no genuine disputes of material fact and that the judgment is warranted as a matter of law." *Id.* (internal quotation marks omitted).

Regarding Serrano's claim of a hostile work environment, the District Court found no genuine issues of fact that would preclude summary judgment. To prevail on a hostile work environment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, a plaintiff must show "(1) harassment that was sufficiently severe or pervasive to alter the conditions of her employment, creating an abusive working environment, and (2) a sufficient basis for imputing the conduct that created the hostile environment to her employer." *Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128, 136 (2d Cir. 2001).

2

The District Court barred Serrano from relying on allegations that she made in a March 2010 complaint to the New York Division of Human Rights. A plaintiff seeking to assert a Title VII claim must bring suit within 90 days of receiving a right-to-sue notice from the Equal Employment Opportunity Commission. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149. Plaintiffs cannot evade this rule by obtaining a second right-to-sue notice based on the same facts as the first notice. *Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827 (2d Cir. 1986).

Serrano does not dispute that she failed to bring suit within 90 days of receiving a right-to-sue notice for her March 2010 discrimination charge. Instead, she filed a new charge in May 2012 that substantially repeated the claims of her previous charge. Serrano argues that to file a timely hostile work environment claim, she need only show that one of the contributing acts occurred within the 300-day statutory period. *Nat'l R.R. Passengers Corp. v. Morgan*, 536 U.S. 115 (2002). We have not decided whether the continuing violation theory can revive claims that are time-barred because of the plaintiff's failure to file suit after receiving a previous right-to-sue-notice. We need not do so here, however, because even considering the allegations from Serrano's March 2010 administrative charge, the record does not give rise to a material dispute of fact regarding whether Serrano faced a hostile work environment.

We similarly conclude that the District Court properly granted summary judgment on Serrano's retaliation claim. To sustain a prima facie case of retaliation under Title VII, a plaintiff must demonstrate that "(1) she was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012). If the plaintiff makes out a prima facie case of retaliation, the burden shifts to the defendant to articulate "a legitimate, non-discriminatory reason for its actions." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014). "If the employer does so, the burden then shifts back to the plaintiff to show that the employer's explanation is a pretext for . . . retaliation." *Id.*. To do so, the plaintiff must show that the retaliation "would not have occurred in the absence of the alleged wrongful action." *Id.* Upon review of the record, we conclude that Serrano failed to demonstrate that the reason for her firing was pretextual, let alone that retaliation was a but-for cause of termination.

## CONCLUSION

We have reviewed all of the arguments raised by Serrano on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

3